### CASE MANUF'G Co. *v.* SMITH *et al.*

*(Circuit Court, M. D. Tennessee.  April, 1889.)*

1. MECHANICS' LIENS—ENFORCEMENT—PARTIES.
   Holders of a vendor's lien and a mortgage on certain premises are not necessary or indispensable parties to a suit to enforce a mechanic's lien against property on the premises, where complainant does not seek priority over such liens, as they cannot be prejudiced by the suit.

2. SAME—WAIVER.
   Retention by a seller of title to machinery placed on land until the price is paid, with a reservation of the right, in case of default in payment, to take possession of and remove such machinery without process, is not a waiver of the lien given by Code Tenn. § 2739, on any lot of ground for the price of machinery furnished or erected thereon.

In Equity.  On demurrer to bill.
*C. R. Head* and *Morris & Anderson*, for complainant.
*Vertrees & Vertrees*, for defendants.

JACKSON, J.  The bill in this case seeks to have declared and enforced a mechanic's lien on and against certain mill property in Gallatin, Tenn., for the purpose of compelling payment for certain mill machinery and improvements made and placed upon said property by complainant under special contract with the defendants, or the owners thereof. After setting out the contract under which the machinery was furnished and the improvements made, the bill states that complainant retained the title to the machinery until the same was fully paid for, and reserved the right, in the event defendants made default in payment, to take possession of and remove the same without legal process. It was further stated that certain parties had a vendor's lien on the property or mill lot to secure the balance of purchase money due thereon, and that another party held a mortgage upon the premises. The persons holding said vendor's lien and mortgage are not made parties to the suit. The defendants demur to the bill, alleging, as grounds of demurrer, that complainant has a plain, adequate, and complete remedy at law; that any mechanic's lien

which it might have had upon the described premises was waived by retaining the title to the machinery furnished; and that the persons having and holding the express vendor's lien upon the property, together with the holder of the mortgage thereon, were necessary parties to the suit.

It is not alleged in the bill that complainant gave any notice to the holders of the vendor's lien and mortgage, as provided by law, (sections 2742, 2743, Mill. & V. Code,) so as to assert any priority of right over said liens, nor does the bill claim any lien or right prior to said vendor's and mortgagee's liens. The holders of these liens might have been made parties to the suit. They would not have been improper parties, but they are not necessary or indispensable parties. Whatever rights complainant may be able to assert and enforce against the particular premises will be in subordination to their liens. Complainant, under the present form and scope of its bill, can only subject the interests which defendants have in and to the property, without prejudice to the rights of those holding the vendor's and mortgagee's liens.

The last ground of demurrer cannot, therefore, be sustained. The relief sought by complainant does not involve the rights of the absent lien claimants.

The material question raised by the first and second grounds of the demurrer is this: Did the retention of title to the machinery until the same was fully paid for, with the right reserved, in case of default in making payment on the part of defendants, to take possession and remove said machinery without legal process, operate as a waiver of the statutory lien given in such cases? The statutory lien is given upon any lot of ground or tract of land upon which a house has been constructed, or fixtures or machinery have been furnished or erected, or improvements made by special contract with the owners of the premises, in favor of the mechanic, undertaker, founder, or machinist who does the work or furnishes the material, or puts thereon fixtures, machinery, or material of either wood or metal. Code Tenn. § 2739. The case made by the bill comes within the letter of the statute, and clearly confers upon complainant a lien upon the premises, so far as defendants' right, title, and interest therein is concerned, which may be enforced in a court of equity, if the retention of title to the machinery until paid for does not have the effect and operation of waiving such statutory lien. The retention of title till payment was made for the machinery was in no way inconsistent with the statutory lien given upon the lot of ground or tract of land. The purpose of the stipulation was to secure the payment of the purchase money to be paid for the machinery. The retention of title was in the nature of a specific lien upon the identical machinery furnished. It was not inconsistent with the lien given by the statute upon the premises on which the machinery was placed or erected. Nor does it, as a matter of law, show any intention of waiving the latter lien. Retaining title as a means of securing payment on the part of defendants did not impose upon complainant any duty or obligation to assert such title by resuming possession of the machinery. Complainant could still look to de-

fendants personally for the payment of the purchase price of the machinery, and to any and all other remedies conferred by law to enforce its payment. Instead of being inconsistent, it was merely additional security to that provided by the statute. It certainly does not establish, as matter of law, that in thus retaining title to the machinery complainant has waived its statutory lien upon the lot of ground or premises on which the machinery was placed. In *Railroad Co.* v. *Rolling-Mill Co.*, 109 U. S. 719, 720, 3 Sup. Ct. Rep. 594, it was held, where the contract of sale stipulated and provided for an express lien upon the rails furnished, that there was no waiver of the statutory lien given under and by the laws of Illinois, which contain substantially the same provisions upon the subject of mechanics' liens as the Tennessee statute. But, without looking to outside authorities, the Tennessee decisions do not, as we think, support the proposition contended for by the demurrants. It is clearly intimated, if not settled, by the cases of *Anthony* v. *Smith*, 9 Humph. 50\*, and *Fogg* v. *Rogers*, 2 Cold. 290, that this doctrine of waiver by taking security does not apply where the vendor retains the legal title, or, what is the same thing in effect, expressly reserves or creates an express lien on the property sold. The bill in the present case having been filed within the time prescribed by the statute, and the averments thereof not disclosing any waiver, as matter of law, of the statutory lien given complainant, we think the first and second grounds of demurrer are not well taken, and should be disallowed.

It is accordingly ordered and adjudged that defendants' said demurrer to the same is hereby overruled and disallowed, at defendants' costs; and defendants are allowed 30 days within which to answer the bill.